UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELBERT S. HARRIS, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:13-cv-1577 (SRU) |
| | : | |
| DANNEL P. MALLOY, et al., | : | |
|     Defendants. | : | |

## RULING AND ORDER

The plaintiff, Elbert S. Harris, Jr., currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, has filed this action *pro se*. The complaint was received by the court on October 28, 2013, and Harris was granted *in forma pauperis* status on January 7, 2014. Upon closer review, the court concludes that *in forma pauperis* status was improperly granted.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of plaintiff's motion to proceed *in forma pauperis* in this case. The petitioner previously has had more than three cases or appeals dismissed as frivolous. *See, e.g., Harris v. Lantz*, 3:05cv652(PCD) (dismissed Oct.

11, 2005); *Harris & Frazier v. Rowland*, 3:95cv610(PCD) (dismissed Apr. 6, 1995); *Harris v. Shortall*, 3:95cv92(PCD) (dismissed Jan. 12, 1995).

Because the three strikes provision applies in this case, Harris may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, Harris must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

Harris names four defendants, Governor Dannel P. Malloy, Connecticut Attorney General George Jepson, Commissioner of Correction James Dzurenda and Warden Carol Chapdelaine. The complaint challenges the adequacy of the inmate grievance procedures. Harris has alleged no facts suggesting that he is in imminent danger of serious physical injury because of the allegedly inadequate grievance procedures. Thus, he fails to meet the exception.

Conclusion

The order granting Harris' motion to proceed *in forma pauperis* [**Doc. #6**] is hereby **VACATED** and the motion to proceed *in forma pauperis* [**Doc. #2**] is **DENIED**. All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Harris' delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604. Failure

to tender the filing fee within **twenty (20) days** from the date of this Order will result in the dismissal of this action.

      **SO ORDERED** this 13th day of January 2014, at Bridgeport, Connecticut.


                                /s/ Stefan R. Underhill
                                Stefan R. Underhill
                                United States District Judge